# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICK THOMAS CARTER,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 06-cv-749-DRH** |
| vs. ) | |
| ) | **CRIMINAL NO. 05-cr-30125** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner entered a plea of guilty to being a convicted felon in possession of a firearm, a violation of 18 U.S.C. § 922(g).[1] On January 18, 2006, this Court imposed a sentence of 60 months incarceration, three years supervised release, a special assessment of $100.00 and a fine of $350.00. Petitioner did not appeal and, less than a year later, he filed the instant motion pursuant to 28 U.S.C. § 2255. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Relief under Section 2255 is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). A criminal defendant may attack the validity of his sentence under Section 2255 only if

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

---

[1] The plea agreement does *not* contain a waiver of his right to appeal or to challenge his conviction or sentence in a post-conviction motion.

28 U.S.C. § 2255; *Prewitt*, 83 F.3d at 816.  However, a Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal."  *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *see also Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994).  Therefore,

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt*, 83 F.3d at 816 (emphasis in original).  *See also Reed v. Farley*, 512 U.S. 339, 354 (1994).  The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

> (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised of direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds, Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994).

Despite a procedural default, a petitioner may proceed on his Section 2255 petition if he can show either "cause for the default **and** actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added); *see also Edwards v. Carpenter,* 529 U.S. 446, 455 (2000).

In *Murray v. Carrier*, the Supreme Court held that ineffective assistance of counsel may constitute cause.  However, "[s]o long as a defendant is represented by counsel whose performance is not **constitutionally** ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668 (1984),] [there is] no inequity in requiring him to bear the risk of attorney error that results

in a procedural default." *Murray*, 477 U.S. at 488 (emphasis added).

In order to show ineffective assistance of counsel under *Strickland*, a petitioner must satisfy yet another two pronged test by showing: (1) "counsel's representations fell below an objective standard of reasonableness" (the performance prong); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong). *Strickland*, 466 U.S. at 688, 694.

In this case, Petitioner, represented by counsel, entered a voluntary and knowing plea of guilty. Petitioner now claims ineffective assistance of counsel and alleges the following specific instances of ineffective assistance:

First, Petitioner states that he suffers from sleep apnea, thus requiring him to sleep with an oxygen mask at night. Consequently, he believes that he was entitled to a downward departure in his sentence, and that Counsel was ineffective at sentencing in failing to argue for such a downward departure. According to the sentencing guidelines,

> [p]hysical condition or appearance, including physique, is not ordinarily relevant in determining whether a departure may be warranted. However, an extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

U.S.S.G. § 5H1.4.

If the medical problem is extraordinary in the sense that prison medical facilities cannot cope with it, then a departure may be appropriate. *United States v. Krilich*, 257 F.3d 689, 693 (7th Cir. 2001). The Seventh Circuit has pointed out, though, that

> [t]he district court is certainly free to look to other courts for guidance to see what they considered an "extraordinary physical impairment." *See, e.g., United States v. LeBlanc*, 24 F.3d 340, 348-49 (1st Cir.), *cert. denied sub nom., Weinstein v. United States*, 513 U.S. 896, 115 S.Ct. 250, 130 L.Ed.2d 172 (1994) (a heart condition that

>could be treated with medication is not sufficient to warrant downward departure); *United States v. Streat*, 22 F.3d 109, 112-13 (6th Cir. 1994) (sentence vacated and remanded to make particularized findings of whether AIDS is an extraordinary impairment); *United States v. Goff*, 6 F.3d 363, 366 (6th Cir. 1993) (a wheelchair bound quadriplegic is not entitled to the departure); *United States v. Slater*, 971 F.2d 626, 634-35 (10th Cir. 1992) (finding that borderline mental retardation, chronic major depressive disorder, scoliosis and disabling back pain are not adequate grounds without particularized findings); *United States v. Greenwood*, 928 F.2d 645, 646 (4th Cir. 1991) (double amputee whose treatment would be jeopardized in prison is granted a departure).

*United States v. Sherman*, 53 F.3d 782, 788 (7th Cir. 1995).

As stated previously, Petitioner suffers from sleep apnea, which is characterized by symptoms of

>loud snoring, recurrent apneic episodes during sleep followed by gasping inspiration with partial or complete arousal, nocturnal restlessness, and daytime sleepiness. Apneic episodes last 10-120 seconds and may be accompanied by sinus bradycardia or atrioventricular block. The cumulative effect of recurrent spells of apnea is hypoxemia and shallow, nonrefreshing sleep, which may lead to excessive drowsiness, personality change, impairment of intellectual function, and heightened tendency to accidents during waking hours. However, evidence establishing obstructive sleep apnea as an independent risk factor for motor vehicle accidents, heart attack, stroke, and sudden death is weak. About 15% of persons with this disorder develop sustained pulmonary hypertension. Obstructive sleep apnea affects about 4% of men and 2% percent of women between the ages of 30 and 60. Obesity, hypothyroidism, cigarette smoking, alcohol, and some hypnotics (particularly benzodiazepines) predispose to this disorder, and its incidence increases with advancing age.

*Stedmans Medical Dictionary* (27th ed. 2000). The Court finds that sleep apnea hardly constitutes an "extraordinary physical impairment" such as would warrant a shorter sentence. It follows, therefore, that Counsel was not constitutionally ineffective in failing to make such an argument at sentencing.[2]

---

[2] If Petitioner believes that his medical needs are not being met sufficiently within the Bureau of Prisons, he may seek a remedy through a civil rights action, 28 U.S.C. § 1331, or a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346, 2671-2680.

Petitioner also argues that his three-year term of supervised release "was imposed contrary to the explicit language of the statute," and his sentence was therefore increased from five years to eight years. Because Counsel did not object to this portion of his sentence, Petitioner argues that such an omission constitutes ineffective assistance of counsel.

This argument is patently frivolous, because "courts routinely have held that the combined sentence of years of imprisonment plus years of supervised release may exceed the statutory maximum number of years of imprisonment authorized by the substantive statute applicable to the crime of conviction." *United States v. Work*, 409 F.3d 484, 489 (1st Cir. 2005). *See also United States v. Pierce*, 75 F.3d 173, 178 (4th Cir. 1996); *United States v. Robinson*, 62 F.3d 1282, 1285-86 (10th Cir. 1995); *United States v. Watkins*, 14 F.3d 414, 415 (8th Cir. 1994); *United States v. Jamison*, 934 F.2d 371, 375 (D.C.Cir. 1991); *United States v. Montenegro-Rojo*, 908 F.2d 425, 431-32 (9th Cir. 1990); *United States v. West*, 898 F.2d 1493, 1504 (11th Cir. 1990); *United States v. Butler*, 895 F.2d 1016, 1018 (5th Cir. 1989).

In summary, none of the grounds presented by Petitioner entitle him to relief under Section 2255 of Title 28. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:  July 19, 2007.**

/s/   David   RHerndon
**DISTRICT JUDGE**